IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **NOVAGOLD RESOURCES, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | A-25-CV-850-RP-ML |
| | § | |
| **J CAPITAL RESEARCH USA LLC,** | § | [EDNY No. 1:20-cv-02875-LDH-PK] |
| | § | |
| Defendant. | § | |

## ORDER

Before the court are the Anonymous Third-Party's ("ATP") Motion to Quash Nonparty Subpoenas (Dkt. 1), Defendant J Capital Research's ("JCAP") Motion to Quash Nonparty Subpoenas (Dkt. 5), and all related briefing.[1] The undersigned heard extensive oral argument on the motions on July 31, 2025. Having considered the motions—including the parties' factual affidavits and supporting exhibits, the applicable law, and oral arguments, the court rules as follows.

### I. BACKGROUND

Plaintiff Novagold Resources, Inc. ("Novagold") served deposition subpoenas and two Rule 45 document subpoenas on the ATP. The document subpoenas each contain four requests that are identical as between the two subpoenas. The first request seeks communications between the ATP and certain representatives of JCAP regarding Novagold. The second, third, and fourth requests seek documents related to the ATP's trading activity related to Novagold's stock, documents memorializing agreements between JCAP and the ATP, and documents related to payments between JCAP and the ATP.

---

[1] All currently pending and future motions were referred by United States District Judge Robert Pitman to the undersigned for resolution or report and recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. 11.

1

II. **ANALYSIS**

With respect to the second, third, and fourth requests for production, the court denies the motions in their entirety, except as to the identity of the ATP and its corporate officer, as explained below. Each of those requests seeks relevant information under the broad relevancy standard of Rule 26, and the ATP and JCAP did not establish that responding to the requests would be unduly burdensome.

With respect to the first request for production, the court also denies the motions for the same reasons, except as to the identity of the ATP and its corporate officer, as explained below, because it concludes that the "reporter's privilege" established by New York Civil Rights Law 79-h does not apply to responsive documents in the ATP's possession. However, the ATP shall only search for and produce responsive documents between May 30, 2019 and October 1, 2020, as agreed to by Novagold in its opposition brief.

Further, with respect to the first request for production, the court rejects the ATP and JCAP's argument that the "reporter's privilege" established by New York Civil Rights Law 79-h shields from production communications between (i) the ATP or the ATP Officer, on the one hand and (ii) JCAP, Ms. Stevenson Yang, or Mr. Murray on the other. The court reaches this conclusion based on a careful review of the factual affidavits and exhibits submitted in support of the motions and the underlying law. Based on that review, the undersigned concludes that (i) the ATP itself is not a "confidential source" as that term is used in the New York reporter's privilege law and (ii) that, in any event, the ATP's financial relationship with JCAP—whereby the ATP promised JCAP a portion of the proceeds from its trading activity on Novagold's stock in exchange for early access to JCAP's report on Novagold—is at odds with the purpose of promoting journalistic independence and integrity furthered by the reporter's privilege. Therefore, the reporter's privilege does not apply to communications

between JCAP and the ATP. As stated at the hearing, this court is *not* ruling on whether the New York reporter's privilege applies to JCAP or documents in JCAP's possession, which has been the subject of rulings by Magistrate Judge Peggy Kuo of the Eastern District of New York.

Finally, at oral argument, the ATP requested that it be permitted to redact information from responsive documents that would reveal the identity of the ATP. Mindful that the ATP currently has an appeal pending in the Second Circuit concerning its argument that the First Amendment associational privilege protects its identity, the court will permit the ATP to redact identifying information from its forthcoming document production. However, the court expects the ATP to make the redactions in good faith, tailored to protecting its identity, and in a manner that does not obscure the substance of the responsive documents. Further, the ATP shall produce unredacted versions of any redacted documents if the Second Circuit ultimately rules that its identity is not protected by the First Amendment associational privilege. Similarly, with respect to the depositions of the ATP and its corporate officer, the parties are directed to confer and attempt to reach an agreement regarding the best way of maintaining the witness' anonymity.

### III.   CONCLUSION

**IT IS ORDERED** that the ATP's Motion to Quash (Dkt. 1) and Defendant's Motion to Quash (Dkt. 5) are **DENIED**. The ATP is **ORDERED** to make a prompt production of responsive documents in accordance with the provisions of this Order. Novagold and the ATP shall meet and confer regarding a schedule for the depositions of the ATP's Rule 30(b)(6) representative and the ATP's corporate officer and on a method of maintaining those witnesses' anonymity during the depositions.

SIGNED August 12, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE