IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NOVAGOLD RESOURCES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 1:25-cv-850-RP |
| J CAPITAL RESEARCH USA LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is the Anonymous Third Party's ("ATP") partial appeal and Defendant J Capital Research USA LLC's ("J Capital") appeal of United States Magistrate Judge Mark Lane's order denying ATP's motion to quash, (Dkt. 1), and J Capital's motion to quash, (Dkt. 5). (Order, Dkt. 27). Plaintiff Novagold Resources, Inc. filed a consolidated response to the appeals, (Dkt. 31), and the ATP and J Capital filed replies, (Dkts. 34, 35).

To decide this dispute, Judge Lane held an in-person hearing for over one hour on July 31, 2025, (Minute Entry, Dkt. 24), and a few weeks later issued a nuanced order denying the motions to quash, (Dkt. 27). Specifically, Judge Lane denied the motions as to the second, third, and fourth requests for production, finding those requests seek relevant information under Rule 26 and the ATP and J Capital failed to establish that responding to the requests would be unduly burdensome. (*Id.* at 2). As to the first request for production, Judge Lane denied the motions to quash for the same reasons and rejected the ATP and J Capital's argument that the reporter's privilege shields production. (*Id.*). Per the order, the ATP is permitted to redact information from responsive documents that would reveal the identity of the ATP. (*Id.* at 3). Finally, Judge Lane ordered the parties to confer and attempt to reach an agreement regarding the best way of maintaining the witness's identity during depositions. (*Id.*).

A district judge may reconsider any pretrial matter determined by a magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). District courts apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling under the referral authority of that statute. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The clearly erroneous or contrary to law standard of review is "highly deferential" and requires the court to affirm the decision of the magistrate judge unless, based on the entire evidence, the court reaches "a definite and firm conviction that a mistake has been committed." *Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard "does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently." *Id.* (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)).

Because Plaintiffs timely appealed from the order denying the motions to quash, the Court reviews the order for clear error or for conclusions that are contrary to law. Having done so, the Court denies the ATP and J Capital's appeals. Upon its own review, this Court finds that Judge Lane's order was not clearly erroneous or contrary to law.

Accordingly, the Court **AFFIRMS** the order denying the motions to quash, (Dkt. 27), and **DENIES** the ATP and J Capital's appeals, (Dkts. 28, 29).

**SIGNED** on November 13, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE